UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6219-CIV-UNGARO-BENAGES/BROWN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) |
| | ) |
| 21ST CENTURY SYSTEMS, INC., | ) |
| a Florida corporation; and | ) |
| SARA R. MILLER, individually, and as an | ) |
| officer of the corporation, | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

### JOINT SCHEDULING REPORT OF SCHEDULING MEETING

Pursuant to S.D. Fla. L.R. 16.1(B) and the Order Setting Initial Planning and Scheduling Conference of March 7, 2000, Plaintiff United States of America, and Defendant 21st Century Systems, Inc., through counsel, file the following Joint Scheduling Report of Scheduling Meeting, accompanied by a joint proposed Scheduling Order.

1. **Summary of the Case**

Plaintiff's action, pursuant to the Federal Trade Commission Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a) and 57b, seeks to secure civil penalties, consumer redress, a permanent injunction and other equitable relief for defendants' violations of the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures" (the "Franchise Rule" or the "Rule"), 16 C.F.R. Part 436, and Section



5(a) of the FTC Act, 15 U.S.C. § 45(a). Plaintiff seeks civil penalties of $11,000 for each violation of the Franchise Rule occurring after November 20, 1996.

2. **Uncontested Facts**

(a) 21st Century Systems, Inc., has its principal place of business at 351 South Cypress Road, Suite 305, Pompano Beach, Florida 33062.

(b) 21st Century Systems, Inc., promotes and sells vending machine business ventures.

(c) The business ventures sold by 21st Century Systems, Inc., are franchises, as "franchise" is defined in the Franchise Rule, 16 C.F.R. § 436.2(a)(1)(ii), (a)(2) and (a)(5).

(d) 21st Century Systems, Inc., promotes its business ventures through classified ads in newspapers.

(e) 21st Century Systems, Inc., has disconnected its telephones and its counsel has been unable to contact the company.

(f) Counsel for 21st Century Systems, Inc., has sent a letter to the company's last known address, and has received no response.

(g) Counsel for 21st Century Systems, Inc., has not met or spoken to the principal of the company, Sara Miller. Sara Miller has not been served with the complaint as of the filing of this report.

3. **Issues:**

(a) Whether the defendants violated the Franchise Rule by failing to provide prospective franchisees with accurate and complete basic disclosure documents within the time period required by the Franchise Rule?

(b) Whether the defendants made earnings claims within the meaning of the Franchise Rule?

(c) Whether the defendants violated the Franchise Rule by failing to provide prospective franchisees with earnings claim documents within the time period required by the Franchise Rule, by failing to have a reasonable basis for earnings claims at the times they were made, or by failing to disclose the information required by the Rule in immediate conjunction with such claims?

(d) Which consumers, if any, were injured, and what is the extent of their monetary loss?

(e) What is the appropriate civil penalty, if any, to be imposed on the defendants for their violations of the Franchise Rule?

(f) What is the appropriate injunctive and other ancillary relief necessary to prevent and remedy any violations of the Franchise Rule or the Federal Trade Commission Act?

4. Discovery will be hampered by the fact that counsel for 21st Century Systems Inc., has been unable to contact his client. The parties propose that it be conducted in phases.

5. **Discovery Scheduling**:

Counsel for 21st Century Systems, Inc., does not anticipate being able to obtain or provide discovery information because he has been unable to contact the defendant, 21st Century Systems, Inc. The parties propose the following schedule and time limitations for a **Standard Track** case as described in S.D. Fla. L.R.16.1(A)(2)(b):

(a) The parties shall furnish opposing counsel with a written list by

September 1, 2000, containing the names, addresses, and phone numbers of all fact and expert witnesses intended to be called at trial and, except for rebuttal witnesses, only those witnesses listed shall be permitted to testify.

(b)   The parties will be allowed up to and including November 1, 2000, in which to complete all discovery.

(c)   The parties will be allowed up to and including December 11, 2000, to file any pretrial motions.

(d)   The parties propose that the dispositive motions be resolved by January 12, 2001.

6.   **Joinder and Amendments**

The parties will be allowed up to and including September 1, 2000, to join other parties and to amend the pleadings.

7.   **Pre-trial Conferences and Trial**

The parties propose that a final pre-trial conference be held on February 16, 2001, with a trial date on or after March 5, 2001. At this time, however, it appears that the case will most likely end in default because counsel for 21st Century Systems, Inc., has been unable to communicate with his client to defend the case.

8.   **Length of Trial**

If the case proceeds to trial, the parties will need approximately three to four days for trial. The case will be a non-jury trial.

9.   **Pending Motions**

There are no outstanding motions. The United States expects to file a motion for default judgment.

10. **Unique aspects of the Case**

Counsel for 21st Century Systems, Inc., cannot locate his client.

11. **Special Master or Magistrate**

There is no need to refer the matter to a special master or magistrate.

12. **Settlement**

The parties have discussed settlement of the matter. Because counsel for 21st Century Systems, Inc., cannot locate his client, however, the parties believe that the matter will end in a default judgment against the defendant. Therefore, prospects for settlement are not good.

13. **Other Matters to Aid the Court**

The parties expect that a default judgment will likely be entered against 21st Century Systems, Inc., because it appears that it went out of business and counsel has been unable to communicate with the defendant.

14. **Lists of Documents and Exhibits**

Attached.

15. **Lists of Witnesses**

Attached.

DATED:

Of Counsel:                                    FOR THE UNITED STATES OF AMERICA:

EILEEN HARRINGTON                              DAVID W. OGDEN
Associate Director for                         Acting Assistant Attorney General
 Marketing Practices                           Civil Division
Federal Trade Commission                       U.S. Department of Justice
Washington, D.C. 20580

                                               THOMAS E. SCOTT
CRAIG TREGILLUS                                United States Attorney
Attorney
Federal Trade Commission               By: _____
Washington, D.C. 20580
PHONE: (202) 326-2970                          Nancy Langston
FAX: (202) 326-3395                            Assistant United States Attorney
                                               500 E. Broward Blvd., 7th Floor
                                               Fort Lauderdale, FL 33394
                                               Assigned No. A5500437
                                               PHONE: (305) 961-9012
                                               FAX: (305) 530-7139
CARL SCHMITT                                   Eml: nancy.langston@usdoj.gov
Counsel for Defendant
21st Century Systems, Inc                 DATE: _____

_____
Carl Schmitt, Esq.                             Jill P. Furman
1666 Kennedy Causeway                          Trial Attorney
Suite 705                                      Office of Consumer Litigation
North Bay Village, FL 33141                    P.O. Box 386
PHONE: (305) 861-7074                          Washington, D.C. 20044
FAX: (305) 861-7517                            PHONE: (202) 307-0090
Fla. Bar No. 171340                            FAX: (202) 514-8742
                                               Eml: jill.furman@usdoj.gov

DATE: 4/19/00                                  DATE: 4/19/00

## Plaintiff's List of Exhibits and Documents

1.  Declaration of Carol L. Jones Pursuant to 28 U.S.C. § 1746, with the following attachments:

    a.  advertisement from San Francisco Chronicle;

    b.  transcript of a telephone conversation between Carol L. Jones and Gary Anderson, recorded December 1, 1999;

    c.  promotional materials Carol L. Jones received from 21st Century Systems, Inc.: "The Vending Program for the Millennium."

2.  Tape cassette recording conversation between Carol L. Jones and Gary Anderson, recorded December 1, 1999.

3.  Business card of Gary Anderson.

4.  Shipping package from 21st Century Systems, Inc., to Carol Turner.

5.  Declaration of Roberto Menjivar Pursuant to 28 U.S.C. § 1746, with the following attachments:

    a.  advertisement from San Diego Union-Tribune;

    b.  transcript of a telephone conversation between Roberto Menjivar and Paul Gibson, recorded November 23, 1999;

    c.  transcript of a telephone conversation between Roberto Menjivar and Paul Gibson, recorded November 30, 1999 (pp. 1-22);

    d.  promotional materials Roberto Menjivar received from 21st Century Systems, Inc.: "The Vending Program for the Millennium."

5.  Tape cassette recording conversation between Roberto Menjivar and Paul Gibson, recorded November 23, 1999.

6.  Tape cassette recording conversation between Roberto Menjivar and Paul Gibson, recorded November 30, 1999.

7.  Business card of Paul Gibson.

8. Shipping package from 21st Century Systems, Inc., to Carlos Rodriguez

9. State of Florida, 21st Century Systems, Inc., disclosure statement.

10. State of Florida Department of Corporations Records on 21st Century Systems, Inc.

11. Any documents produced in connection with Plaintiff United States' Request for Documents.

### Plaintiff's Witness List

1. Carol L. Jones, Federal Trade Commission

2. Roberto Menjivar, Federal Trade Commission

3. Custodian of Records, Florida Department of Agriculture & Consumer Services

### Defendant's List of Documents and Exhibits

None.

### Defendant's Witness List

None.